IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BISHOP A. IVEY, *as Personal Representative of the Estate of Derrick Lamar Ivey, deceased*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:08-CV-991-WKW [WO] ) |
| LEWIS TRUCKING COMPANY, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Swift Transportation Co. ("Swift Transportation") and John E. Nunez ("Nunez") removed this case from the Circuit Court of Montgomery County, Alabama, on December 15, 2008. (Doc. # 4.) Defendants Lewis Trucking Company and Andrew Carter Jr. later joined and consented to removal. (Doc. # 1.) Defendants removed on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Pet. Removal 2.) They claim, as the ground for removal, that Defendant Leeposey Daniels ("Daniels") was fraudulently joined to the action and that without him, complete diversity of citizenship exists. (Pet. Removal 3.) Plaintiff Bishop A. Ivey ("Ivey") filed a motion for leave to amend his complaint, and filed an Amended Complaint adding Defendant Kenneth Jones ("Jones"). (Docs. # 12 & 16.) Subsequent to the Amended Complaint, Mr. Jones filed a motion to dismiss, which he supplemented. (Docs. # 21 & 22.) Mr. Ivey also filed a timely motion to remand for lack of subject matter jurisdiction, with an accompanying brief. (Docs. # 13 & 14.) Swift

Transportation and Mr. Nunez responded to the motion to remand (Doc. # 24),[1] and Mr. Ivey replied (Doc. # 27).[2]

Mr. Ivey's Motion to Remand challenges jurisdiction on two grounds. It opposes Defendants' assertion of fraudulent joinder, and denies that the requisite amount in controversy has been met. (Mot. Remand Br. 1.) If non-diverse parties are fraudulently joined to an action, their citizenship will not be considered for purposes of determining diversity jurisdiction. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (per curiam).[3] The Eleventh Circuit recognizes three forms of fraudulent joinder. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)). The one relevant to this case is fraudulent joinder "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.*

The removing party bears the burden of proving fraudulent joinder, and the burden is "heavy." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted). "[A]ll factual issues and questions of controlling substantive

---

[1] Lewis Trucking Company adopted their response. (Doc. # 25.)

[2] Mr. Ivey is one of seven plaintiffs who have removed lawsuits to this district from state court stemming from this accident. Judge Thompson remanded the three cases before him for failure to prove fraudulent joinder or fraudulent misjoinder. (Docket No. 2:08cv986 (Doc. # 37); Docket No. 2:08cv989 (Doc. # 28); Docket No. 2:08cv992 (Doc. # 26).)

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

law" must be viewed in the light most favorable to the plaintiff, and "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41; *accord Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Although for purposes of determining fraudulent joinder, courts may consider affidavits and deposition transcripts submitted by either party, in addition to the plaintiff's pleadings at the time of removal, *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005), "the jurisdictional inquiry must not subsume substantive determination," *Crowe*, 113 F.3d at 1538 (internal quotation marks and citation omitted). Courts must be "certain" of their jurisdiction and "are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* (internal quotation marks and citation omitted).

Defendants here have not proven fraudulent joinder. The Complaint alleges negligence against Mr. Daniels.[4] (Compl. ¶ 20 (Pet. Removal Ex. 1).) Mr. Ivey's son Derrick Lamar Ivey ("Derrick Ivey") died in a vehicle accident on October 3, 2008. (Compl. ¶¶ 1, 9-15.) Derrick Ivey and other job applicants for employment with the Alabama Department of Corrections were riding in a van on a highway to another location for a training session when a truck allegedly hit the van. (Compl. ¶¶ 9-11.) The van caught fire,

---

[4] The scope of the remand motion is limited to addressing the only named non-diverse Defendant at the time of removal, Mr. Daniels. *See Legg*, 428 F.3d at 1322 (noting that the relevant pleadings for fraudulent joinder are those from the plaintiff at the time of removal). Mr. Ivey's amended complaint, which added Mr. Jones as a defendant, was filed post-removal. Even if, however, the scope of the motion to remand included Mr. Jones, the resolution of the motion would be no different.

3

and Derrick Ivey died as the result of injuries sustained in the collision, and from a subsequent fire that burned the passengers to death. (Compl. ¶¶ 13-14.) Mr. Daniels, the warden for Draper Prison, allegedly "had a duty to oversee the modification of the subject van and had a duty to ensure the safe travel of the occupants of the van[,] [and] negligently failed to ensure a safe modification and negligently failed to ensure the safe travel of the occupants of the van." (Compl. ¶¶ 8, 20.)

Defendants argue on removal that Mr. Ivey "cannot establish any set of facts that would show Mr. Daniels 'had a duty to oversee the modification of the van.'" (Pet. Removal 5.) Defendants' factual basis is that the van modifications were made at Draper Fleet Services, which had no connection to Draper Prison. (Pet. Removal 5.) Even if Defendants' factual assertion is true, however, it does not speak to whether Mr. Daniels had a *duty* to oversee the van modifications or to ensure safe travel, and does not preclude the possibility that the development of other facts *could* show a duty and breach.

The more developed theory for fraudulent joinder is Defendants' state-agent immunity argument. Defendants contend that, because Mr. Daniels is entitled to immunity as a state agent, Mr. Ivey cannot state a viable claim against him. (Pet. Removal 6-8; Remand Resp. 3-5.) Defendants acknowledge that there are exceptions to the application of state-agent immunity, but state that the motions and affidavits show Mr. Daniels is not entitled to those exceptions. (Pet. Removal 7-8.) Mr. Ivey's response accurately recognizes, however, that the state of the law in Alabama on state-agent immunity "is anything but settled" and "depends on the specific facts." (Mot. Remand Br. 13.) State agents are *not* entitled to

4

immunity if they "failed to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist, or acted willfully, maliciously, fraudulently, in bad faith, beyond [] authority, or under a mistaken interpretation of the law." *Ex parte Ala. Dep't of Mental Health & Retardation*, 837 So. 2d 808, 814 (Ala. 2002) (quoting *Ex parte Butts*, 775 So. 2d 173, 178 (2000)).  Factual development is crucial to determining whether state agents fall into these exceptions to immunity.

There has not been enough factual development at this stage to find that there is no possibility that Mr. Ivey can prove a claim against Mr. Daniels.  Although negligence falls below the standard of malicious, willful, or fraudulent behavior, a claim of negligence does not *preclude* proving facts that support a *higher* level of culpability.  Furthermore, the possibility that Mr. Daniels acted outside his authority or failed to discharge duties pursuant to rules and regulations is not foreclosed by an assertion of negligence.  Only further factual development can determine whether Defendants can successfully assert state-agent immunity.

Viewing the facts and applicable law in the light most favorable to Mr. Ivey, Defendants have not supported their burden of establishing that the non-diverse party Mr. Daniels was fraudulently joined in this action.  The issue on fraudulent joinder is whether it can be definitely stated at this stage that the claim is foreclosed.  It quite simply cannot.

Because remand is justified for lack of diversity of citizenship (*see* Compl. ¶¶ 1, 7-8), it is not necessary to address whether the amount in controversy has been satisfied.[5]

Accordingly, it is ORDERED that:

(1)	Mr. Ivey's Motion to Remand (Doc. # 13) is GRANTED;

(2)	This case is REMANDED to the Circuit Court for Montgomery County, Alabama; and

(3)	The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 27th day of February, 2009.

	/s/  W.  Keith Watkins
	UNITED STATES DISTRICT JUDGE

---

[5] It is also unnecessary to resolve the motion to dismiss. "'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).